# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 10-288(2) (RHK/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Mario Jorge Guerra-Carpio, | |
| Defendant. | |

This matter is before the Court on Defendant's self-styled Motion entitled "Motion For Relief Pursuant To Federal Rules Civil Procedure 60(b) and Federal Rules Criminal Procedures 52(B) For Non-Harmless Procedural and Plain Error Pursuant To 5K3.1 ("Fast-Track') & U.S.S.G. Amend 739, 740, & 754 (1st Nov. 2010 Incluiding [sic] Due Process And Cosntutional [sic] Violation Of Illegal Conviction And 6th Amendment Respectively."  (Doc. No. 630.) Defendant is asking the Court to reduce the prison sentence that was imposed following his conviction in this case.  For the reasons discussed below, Defendant's Motion will be DENIED.

## I. BACKGROUND

In October 2010, an indictment was handed up that accused Defendant (and others) of violating federal controlled substances laws.  In May 2011, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(C) and 846.  As part of the agreement by which Defendant pled guilty, he waived his right to file an appeal, and he waived his right to seek post-conviction relief under 28 U.S.C. § 2255, provided that his sentence did not exceed 168 months.  On January 11, 2012, Defendant was sentenced to 78 months in federal prison, to

be followed by a two-year term of supervised release. Defendant is presently serving his sentence at the CI NE Ohio Correctional Center in Youngstown, Ohio.

Having waived his right to appeal, and his right to seek relief under § 2255, Defendant has not previously challenged his conviction or sentence in this case. However, Defendant now claims that his sentence should be vacated because (a) he was not afforded any "fast-track" benefits under a Department of Justice Memorandum dated January 31, 2012, and (b) he is entitled to a reduced sentence under certain amendments to the United States Sentencing Guidelines, identified as "739, 740, and 754." Defendant's Motion is plainly unsustainable, for several reasons.

## II. DISCUSSION

### A. Procedural Defects

Defendant is seeking relief under Fed. R. Crim. P. 52(b), and Fed. R. Civ. P. 60(b). However, the relief that Defendant is seeking cannot be pursued (or granted) under either of those Rules.

Fed. R. Crim. P. 52(b) does not provide a procedural mechanism for challenging a federal criminal conviction or sentence; the Rule merely establishes a standard of review for claims that are raised by a procedurally proper means – normally a direct appeal.[1] The Supreme Court has

---

[1] Fed. R. Crim. P. 52(b) states –
"**Plain Error**. A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

The Government's memorandum in opposition to Defendant's Motion erroneously (and unhelpfully) quotes the wrong Rule. The Government has cited Rule 52(b) of the Federal Rules of <u>Criminal</u> Procedure, but quoted Rule 52(b) of the Federal Rules of <u>Civil</u> Procedure. ("Response of United States to Petitioner's Motion Dated March 11, 2013," [Docket No. 634], p. 3.) Compounding this error, the Government contends that Defendant's present Motion is

expressly held that Rule 52(b) "was intended for use on direct appeal," and thus the "plain error" standard of review established by the Rule "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review...." United States v. Frady, 456 U.S. 152, 164 (1982).  Simply put, Defendant cannot seek post-conviction relief under Rule 52(b).  See United States v. Smith, 51 F. App'x 483 (5th Cir. 2002) (unpublished opinion) ("Federal Rule of Criminal Procedure 52(b) does not provide an independent basis for a collateral attack on a final judgment"); see also United States v. Lehi, 208 F. App'x 672, 674 (10th Cir. 2006) (unpublished opinion) (same).

Defendant's citation to Fed. R. Civ. P. 60(b) is equally unavailing.  The Eighth Circuit Court of Appeals has repeatedly held that federal prisoners normally must seek post-conviction relief under 28 U.S.C. § 2255.  See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255").  The Court of Appeals has also repeatedly held that Rule 60(b) cannot be used to avoid procedural restrictions on the use of § 2255.  United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005); Boyd v. United States, 304 F.3d 813 (8th Cir. 2002) (per curiam), cert. denied, 538 U.S. 953 (2003); United States v. Echols, 241 F. App'x 355 (8th Cir. 2007) (unpublished opinion); United States v. Washington, 211 F. App'x 550 (8th Cir. 2007) (unpublished opinion).  See also United States v. Graham, Civil No. 98-1797 (ADM/AJB), (D.Minn. 2005), 2005 WL 2105474 at

---

untimely, because it was not brought within the 28-day time limit that appears in Fed. R. Civ. P. 52(b).  (Id.)  Fed. R. Crim. P. 52(b) does not include any time limit.

3

*2 ("Rule 60(b) allows for attacks on the integrity of a civil habeas proceeding, but does not allow for the attack of the underlying conviction and sentencing in [a] criminal case"). Thus, the Court finds that Defendant's current challenges to his sentence cannot properly be brought by means of a Rule 60(b) motion.

The Court further finds that it would serve no useful purpose to construe Defendant's current Motion to be a § 2255 motion. As Defendant undoubtedly recognizes, he is barred from seeking collateral relief under § 2255, because he waived his right to do so when he entered into his plea agreement. Under the terms of Defendant's plea agreement, he is barred from seeking relief under § 2255.

Furthermore, if the present Motion were construed to be a § 2255 motion, it would have to be summarily dismissed due to untimeliness. Section 2255 motions are subject to a one-year statute of limitations, which normally begins to run when the judgment entered in a criminal case becomes final. 28 U.S.C. § 2255(f).[2] Judgment was entered in this case on January 11, 2012. (Doc. No. 533.) Because Defendant did not file a direct appeal, the judgment became final upon the expiration of the fourteen-day deadline for filing an appeal – i.e., on January 25, 2012. See Fed. R. App. P. 4(b) (deadline for filing notice of appeal in criminal case is fourteen days after entry of judgment); Murray v. United States, 313 F. App'x 924, 925 (8th Cir. 2009) (unpublished opinion) (if federal criminal defendant does not file a direct appeal, judgment of conviction becomes final, for § 2555 purposes, when the deadline for filing a notice of appeal expires). Thus, the statutory deadline for seeking relief under § 2255 expired on January 25, 2013.

---

[2] The beginning of the one-year limitations period is postponed under certain circumstances, (see 28 U.S.C. § 2255(f)(2)-(4)), but none of those circumstances is present here.

Defendant's current Motion was not filed until March 13, 2013. Therefore, if the current Motion were construed to be a § 2255 motion, the Motion would be time-barred.[3]

In sum, the Court finds that Defendant's current challenges to his sentence in this case cannot be raised, entertained or decided under either of the two Rules that he has cited – i.e., Fed. R. Crim. P. 52(b) or Fed. R. Civ. P. 60(b). Furthermore, Defendant's Motion cannot be construed to be a § 2255 motion and entertained as such, because (1) Defendant has waived his right to seek relief under § 2255, and (2) Defendant's current Motion was filed after the expiration of the one-year deadline for seeking relief under § 2255. Thus, the Court concludes that Defendant's claims for relief must be summarily denied, because he has not identified (and the Court cannot independently discern) any proper procedure by which those claims can be entertained on the merits.[4]

---

[3] The current Motion is dated March 5, 2013, but even if that date were treated as the filing date under some variation of "the prison mail box rule," the Motion still would be time-barred.

[4] The Court has also considered whether Defendant's current claims for relief could properly be brought under 18 U.S.C. § 3582(c)(2). A sentence can be modified pursuant to § 3582(c)(2), if the United States Sentencing Commission has adopted some specific retroactively-applicable amendment to the Sentencing Guidelines that is directly pertinent to a defendant's sentence. See United States v. Auman, 8 F.3d 1268, 1272 (8th Cir.1993) ("[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2)" requires an amendment to the Sentencing Guidelines that has been expressly designated "as one that may be applied retroactively"). Defendant does not qualify for relief under § 3582(c)(2), because he has not identified any post-sentencing amendment to the Sentencing Guidelines that could affect his sentence. Defendant has cited three amendments to the Guidelines, which he has identified as Amendments 739, 740 and 754. However, as Defendant himself has correctly pointed out, Amendments 739 and 740 became effective on November 1, 2010, and Amendment 754 became effective on November 1, 2011. As previously mentioned, Defendant was sentenced on January 12, 2012, which means that all three of the cited amendments were effective before he was sentenced. Relief is available under § 3582(c)(2) only if the moving defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." Because the amendments cited by Defendant became effective before his sentencing, he cannot seek relief under § 3582(c)(2) based on those amendments. Defendant is not eligible for relief under § 3582(c)(2) because he was not sentenced based on a range that was

B.  Substantive Defects

Even if Defendant's current claims were presented in a procedurally acceptable manner, and could properly be addressed on the merits, those claims still would have to be dismissed, because they are substantively defective.

Defendant contends that his sentence should be reduced pursuant to a "FAST-TRACK Memo issued by [the] Department of Justice... dated January 31, 2012." (Defendant's Motion, [Doc. No. 630], p. 1.) The Government acknowledges the existence of that memo, ("Response of United States to Petitioner's Motion Dated March 11, 2013," [Doc. No. 634], p. 4), but argues that it has no bearing on Defendant's sentence in this case for two reasons.[5] First, the Government points out that the Attorney General's "FAST-TRACK memo" merely grants an option to each local United States Attorney to develop a program that is designed to expedite the resolution of certain type of cases. (Id.) The Government flatly states, however, that "the District of Minnesota has not developed any authorized fast-track programs for illegal drug possession convictions." (Id.) Defendant has offered no opposition to that assertion. Therefore, Defendant cannot be entitled to any relief under the "FAST-TRACK memo" that he has cited.

---

subsequently lowered.

[5]   Although both parties have referred to the "FAST-TRACK memo" of January 31, 2012, neither party has provided a copy of that document to the Court. If Defendant's current Motion were procedurally proper, the Court might be reluctant to adjudicate the Motion without having a copy of the "FAST-TRACK memo" included in the record. However, Defendant's Motion has already been found to be procedurally defective, (as discussed above), so the Court's assessment of the merits of Defendant's claims is not dispositive. Furthermore, the absence of the document is not critical, because neither party has suggested that the other party has misinterpreted or mischaracterized any of its provisions. Therefore, the fact that the "FAST-TRACK memo" itself is not part of the record in this case is not a critical omission.

The Government further contends that, in any event, the "FAST-TRACK memo" does not <u>require</u> that any sentence reductions be provided under any circumstances. Therefore, even if a fast track program had been developed in the District of Minnesota, that program would not establish any substantive legal rights enforceable by criminal defendants. Defendant has not refuted this argument.

Finally, the Court notes that the "FAST-TRACK memo" cited by the parties apparently is dated January 31, 2012, which was approximately three weeks <u>after</u> Defendant was sentenced. Defendant has failed to explain why he believes he should have been sentenced under a program that could not have come into existence until after his sentencing was completed.[6]

Finally, as the Court has already indicated, (<u>see</u> n.4, <u>supra</u>), Defendant cannot be granted any relief under 18 U.S.C. § 3582(c)(2) based on any of the amendments to the Sentencing Guidelines that he has cited, i.e., Amendments 739, 740 and 754. The remedy provided by § 3582(c)(2) is available only for retroactively applicable amendments to the Sentencing Guidelines, lower a defendant's sentencing range <u>after</u> the defendant has been sentenced. Here, all three of the amendments cited by Defendant were effective <u>before</u> he was sentenced.

---

[6] Defendant cannot claim that he was deprived of his constitutional right to effective assistance of counsel by reason of his attorney's failure to seek a reduced sentence based on the "FAST-TRACK memo." It would have been futile to pursue any such argument, because (a) the "FAST-TRACK memo" apparently did not exist at the time of Defendant's sentencing, (b) the memo merely authorizes the implementation of a sentence reduction program, but no such program actually has been adopted in Minnesota, and (c) even if a sentence reduction program had been adopted, Defendant would have had no legally enforceable right to a reduced sentence. A defendant cannot sustain an ineffective assistance of counsel claim based on his attorney's failure to present an argument that has no merit. <u>See</u> <u>Thomas v. United States</u>, 951 F.2d 902, 905 (8th Cir. 1991) ("[c]ounsel's failure to raise... meritless issues does not constitute ineffective assistance").

Therefore, § 3582(c)(2) is wholly inapplicable. Moreover, Defendant simply has not shown that his sentence was not in accordance with any of the amendments he has cited.

### III. CONCLUSION

In sum, Defendant's current challenge to his sentence is procedurally barred, because the claims he is asserting cannot be brought under Fed. R. Crim. P. 52(b), Fed. R. Civ. P. 60(b), 28 U.S.C. § 2255, or any other procedure that can properly be used for seeking post-conviction relief. In addition, Defendant's claims are substantively without merit, because (1) he is not entitled to any relief under the "FAST-TRACK memo" cited in his Motion, and (2) he has not cited any applicable <u>post-sentencing</u> amendment to the Sentencing Guidelines, nor has he shown that his sentence was not in compliance with the guidelines in effect at the time of his sentencing. Defendant's current Motion will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendant's "Motion For Relief Pursuant To Federal Rules Civil Procedure 60(b) and Federal Rules Criminal Procedures 52(B) For Non-Harmless Procedural and Plain Error Pursuant To 5K3.1 ("Fast-Track') & U.S.S.G. Amend 739, 740, & 754 (1st Nov. 2010 Incluiding [sic] Due Process And Cosntutional [sic] Violation Of Illegal Conviction And 6th Amendment Respectively," (Doc. No. 630), is **DENIED**.

Dated: June 13, 2013

                                                        <u>s/Richard H. Kyle</u>
                                                       RICHARD H. KYLE
                                                       United States District Judge