# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff-Respondent,<br>v.<br><br>Rick Ray Stauffacher,<br><br>Defendant-Movant. | Civ. No. 13-1474 (RHK)<br>Crim. No. 10-288(10) (RHK/JSM)<br><br>**MEMORANDUM OPINION and ORDER** |

Rick Ray Stauffacher, Federal Correctional Institution – Elkton, P.O. Box 10, Lisbon, Ohio, 44432, Defendant-Movant, pro se.

Julie Allyn, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Plaintiff-Respondent.

## INTRODUCTION

This matter is presently before the Court pursuant to a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 640), which has been filed, pro se, by Defendant Rick Ray Stauffacher. The motion has been fully briefed by the parties, and is now before the Court for final adjudication. For the reasons discussed below, Defendant's motion will be DENIED.

## BACKGROUND

In June 2011, Defendant pled guilty to conspiracy to deliver and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and a mixture or substance containing a detectable quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(C), and 846. In January 2012, Defendant was sentenced to 120 months in federal prison – the statutory mandatory minimum sentence for Defendant's offense. Defendant's

conviction and sentence were affirmed on his direct appeal to the Eighth Circuit Court of Appeals. United States v. Stauffacher, 475 F. App'x 642 (8th Cir. 2012) (unpublished opinion). He is presently serving his sentence at the Federal Correctional Institution - Elkton, in Lisbon, Ohio.

On June 17, 2013, Defendant filed his present motion for post-conviction relief under 28 U.S.C. § 2255. Defendant's § 2255 motion presents four grounds for relief. In Ground One, Defendant claims that he was deprived of his constitutional right to effective assistance of counsel during the course of his sentencing, because his attorney failed to raise three arguments that, according to Defendant, should have caused the Court to impose a shorter prison term. Defendant contends that his attorney should have argued that: (i) Defendant's offense did not involve than 500 grams of methamphetamine; (ii) Defendant was eligible for, and should have been given, a shorter sentence than the statutory mandatory minimum; and (iii) Defendant should have been give a shorter sentence under the "safety valve" statute – 18 U.S.C. § 3553(f). These three arguments are presented as Grounds Two, Three, and Four of the present § 2255 motion. For the reasons discussed below, the Court finds that none of Defendant's current claims for relief is sustainable.

## ANALYSIS

**I. Ground One: Ineffective Assistance of Counsel**

Defendant initially claims that his sentence should be set aside, because he was deprived of his Sixth Amendment right to effective assistance of counsel during the sentencing phase of his criminal case. According to Defendant, he would have received a shorter sentence, if not for his attorney's failure to raise the three arguments described in Grounds Two, Three and Four of his present motion.

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, a defendant claiming ineffective assistance of counsel must show (a) that the attorney's performance was deficient and (b) that the attorney's deficient performance prejudiced the defendant's case.

Counsel's performance is considered deficient only if it falls outside the wide range of professionally competent assistance. Harris v. Bowersox, 184 F.3d 744, 756 (8th Cir. 1999), cert. denied, 528 U.S. 1097 (2000). Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998). See also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). To meet the "prejudice" part of the Strickland test, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In this case, Defendant's ineffective assistance of counsel claim must be summarily rejected, because Defendant would not have received a shorter sentence if his attorney had raised the sentencing arguments presented at Grounds Two, Three and Four of the present motion. For the reasons discussed below, the Court finds that none of those arguments has merit. Therefore, Defendant's attorney cannot be faulted for failing to raise those arguments, and Defendant was not prejudiced by his attorney's failure to raise those arguments. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) ("counsel's failure to advance a meritless argument cannot constitute ineffective assistance"); Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994)

3

(defendant's ineffective assistance of counsel was unsustainable, because the claims his attorney allegedly should have pursued were "rejected as meritless"); Thomas v. United States, 951 F.2d 902, 905 (8th Cir. 1991) (per curiam) ("[c]ounsel's failure to raise... meritless issues does not constitute ineffective assistance"). Because Grounds Two, Three and Four of the current motion are unsustainable, Defendant's ineffective assistance of counsel claim is unsustainable, as well.

**II. Ground Two: Evidence to Support Drug Quantity Finding**

Defendant contends that his sentence should be vacated, because there was insufficient evidence to support the Court's determination as to the quantity of drugs involved in his offense. Defendant's sentence was based on the Court's determination that his offense involved at least 500 grams of methamphetamine. That determination was supported by Defendant's own testimony during his sentencing hearing. Defendant has acknowledged that he was part of a conspiracy to possess and distribute methamphetamine, and he has acknowledged that the conspiracy involved more than 500 grams of methamphetamine. Defendant's own submissions show that he was asked whether it was "certainly foreseeable" that he and his co-conspirators had "hauled" "between 500 and 1500 grams of meth," and he responded: "Oh, yeah, I can imagine with all them people you know, but not for me." (Defendant's § 2255 motion, p. 15.)

Defendant now contends that his testimony at his sentencing hearing does not adequately support the Court's determination that his offense involved at least 500 grams of methamphetamine. He first argues that he did not actually say the conspiracy involved at least 500 grams; he only said that he could "imagine" it. (Id.) He further argues that even if he and his co-conspirators together possessed at least 500 grams, that would not support his sentence, because he was not personally "responsible for all of it." (Id., p. 16.)

4

The first half of Defendant's argument – i.e., that he merely "imagine[d]" the conspiracy involved 500 grams of methamphetamine – is rejected, because it simply is not credible. Based on Defendant's entire testimony during the sentencing hearing, and the record as a whole, the Court remains fully satisfied that Defendant knew, or reasonably should have known, that he was part of a conspiracy that handled at least 500 grams of methamphetamine.[1]

The Court also rejects Defendant's contention that his sentencing must be based solely on the quantity of drugs for which he was <u>personally</u> responsible. He contends that the Court should have considered only his "personal culpability separate from the whole conspiracy." (<u>Id</u>., p. 18.) That argument fails as a matter of law, because the Eighth Circuit Court of Appeals has plainly stated that "'[a] defendant convicted of conspiracy is properly held accountable for all reasonably foreseeable acts and omissions of any co-conspirator taken in furtherance of the conspiracy.'" <u>United States v. Haslip</u>, 416 F.3d 733, 737 (8th Cir.), <u>cert</u>. <u>denied</u>, 546 U.S. 1069 (2005), quoting <u>United State v. Mickelson</u>, 378 F.3d 810, 821 (8th Cir. 2004) (quoting <u>United States v. Atkins</u>, 250 F.3d 1203, 1211-12 (8th Cir. 2001)).

Defendant seems to believe that he should be held accountable only for specific events in which he actively participated. But the case law does not support that notion. The Eighth Circuit has held that in conspiracy cases such as this one, a defendant can be sentenced for <u>all transactions</u> that the defendant reasonably could have been aware of. See <u>United States v. Plancarte-Vazquez</u>, 450 F.3d 848, 852 (8th Cir. 2006) ("[w]hen calculating drug quantity in the context of a narcotics

---

[1] Part of the transcript from Defendant's sentencing hearing is reprinted in the Government's response to the present § 2255 motion. (<u>See</u> Doc. No. 642, p. 8.) That portion of the transcript clearly shows that Defendant knew very well that he and his co-conspirators transported more than 500 grams of methamphetamine.

trafficking conspiracy, the sentencing court may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy").

The apposite case law clearly indicates that Defendant is legally responsible for the actions of his co-conspirators, if he had reason to know about them. Based on Defendant's complete testimony at his sentencing hearing, (not to mention admissions made as part of his written plea agreement), the Court cannot accept his present suggestion that he merely "imagine[d]," or perhaps fantasized about, the extent of his co-conspirators illegal activities. Defendant has failed to refute the Court's determination that he knew, or reasonably should have known, that he participated in a conspiracy that involved at least 500 grams of methamphetamine. Therefore, Ground Two of the current motion is unsustainable.[2]

### III. Ground Three: Imposition of the Mandatory Minimum Sentence

In Ground Three, Defendant claims that even if his offense did involve 500 grams of methamphetamine, the Court still should have declined to impose the statutory mandatory minimum sentence of 120 months in prison. Defendant offers two arguments to support this claim. First, he argues that the statutory mandatory minimum sentence is not actually mandatory in his case, because Congress intended the statute to be applied only to "masterminds," "kingpins" and "serious or major drug traffickers." (Defendant's § 2255 Motion, p. 19.) Defendant further argues that imposing the

---

[2] Defendant has attempted to supplement his motion by adding a citation to the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). As described by Defendant, Alleyne holds that "any fact which imposes or increases a mandatory minimum [sentence] must be pled to by the defendant or found by a jury." (Defendant's "Supplemental [sic] Citation," [Doc. No. 641].) This characterization of Alleyne offers no aid to Defendant, because he did plead guilty to the fact that implicated the mandatory minimum statute – i.e., that his offense involved more than 500 grams of methamphetamine.

6

statutory mandatory minimum sentence in his case violates the Eighth Amendment's prohibition against cruel and unusual punishments. Both of these arguments are baseless.

Defendant's first argument – that the mandatory minimum statute should be applicable only to "kingpins" – has been frequently raised by federal criminals, and just as frequently rejected by federal courts. Defendant suggests that Congress did not really intend the mandatory minimum statute to apply to him, because he did not play a prominent role in the conspiracy that led to his conviction. However, the mandatory minimum statute is clear and unambiguous. Because Defendant was guilty of participating in a conspiracy that involved at least 500 grams of methamphetamine, the statute applies to him, regardless of how he might choose to characterize his role in the conspiracy. See United States v. Rodriguez-Suarez, 856 F.2d 135, 138 (11th Cir. 1988) ("even if the primary purpose of the law was to provide stiffer sentences for defendants who were higher up in the hierarchy, the statute itself is not limited to such individuals, and it would not serve the general purpose of the statute to impose such a limitation on the plain language of the law"), cert. denied, 488 U.S. 1045 (1989); United States v. Martinez-Zayas, 857 F.2d 122, 130 (3rd Cir. 1988) ("Congress decided to mandate minimum prison terms... based solely on the quantity of drugs involved in the § 841(a) conviction") (emphasis added).[3] The Eighth Circuit Court of Appeals has observed that:

> "Drug addicts who traffic in illegal substances contribute to the same problem addressed by the statute as do so-called drug kingpins who engage in drug trafficking solely for profit. 'That distributors of varying degrees of culpability might be subject

---

[3] In Martinez-Zayas, the Court criticized the mandatory minimum statute for taking away some of the sentencing discretion traditionally afforded to federal judges. But the Court nevertheless concluded that Congress had unmistakably elected to impose mandatory minimum sentences for certain drug offenses, based solely on the quantity of the drugs involved in the offense – even if the defendant did not play a prominent role in the drug-dealing operation. 857 F.2d at 132-33.

7

to the same sentence does not mean that the penalty system ... is unconstitutional.'" United States v. Prior, 107 F.3d 654, 659 (8th Cir. 1997), cert denied, 522 U.S. 824 (1997), quoting Chapman v. United States, 500 U.S. 453, 467 (1991).

In short, Congress did not authorize the courts to decide who is culpable enough to be subject to the mandatory minimum law; Congress made that decision itself. Application of the mandatory minimum statute depends solely on the quantity of the drugs involved in the offense; a court's subjective assessment of a particular defendant's relative culpability is irrelevant. Because Defendant pled guilty to an offense involving more than 500 grams of methamphetamine, the mandatory minimum sentence was indeed mandatory – regardless of how Defendant (or the Court) might feel about his personal culpability.

Defendant's Eighth Amendment argument is even more untenable. In United States v. Frieberger, 28 F.3d 916, 920 (8th Cir. 1994), cert. denied, 513 U.S. 1097 (1995), the Eighth Circuit Court of Appeals has held that a defendant's 132-month sentence did not violate the Eighth Amendment, because it was not "grossly disproportionate to his crime of conspiracy to distribute more than 100 grams of a mixture or substance containing a detectible amount of methamphetamine." If there was no Eighth Amendment violation when that defendant was sentenced to 132 months in prison, for a crime involving more than 100 grams of methamphetamine, then there obviously was no Eighth Amendment violation when Defendant in this case was sentenced to 120 months in prison for a crime involving more than 500 grams of methamphetamine. See also Hutto v. Davis, 454 U.S. 370 (1982) (per curiam) (rejecting Eighth Amendment challenge to a 40-year prison term for possession and distribution of nine ounces of marijuana); Harmelin v. Michigan,

501 U.S. 957 (1991) (rejecting Eighth Amendment challenge to a life sentence for possession of 672 grams of cocaine).

**IV. Ground Four: Sentencing Without Application of the "Safety Valve"**

Finally, Defendant claims that his sentence should have been reduced pursuant to the "safety valve" statute, 18 U.S.C. § 3553(f). That statute allows a federal court to impose a sentence that is below, (and in derogation of), an otherwise applicable mandatory minimum sentence, if five specific conditions listed in the statute are met.[4]

---

[4] 18 U.S.C. § 3553(f) provides as follows:

"**(f) Limitation on applicability of statutory minimums in certain cases.** Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the

Defendant apparently recognizes (quite correctly) that he cannot qualify for a reduced sentence under the safety valve statute unless he satisfies all five of the conditions prescribed by the statute. He also seems to recognize that he has more than one criminal point, as determined under the sentencing guidelines, and he therefore fails to satisfy at least one of the five statutory conditions, namely § 3553(f)(1). (See n.4, supra.) Because Defendant does not satisfy the condition prescribed by § 3553(f)(1), he is not eligible for a reduced sentence under the safety valve statute.

Defendant tries to evade the roadblock posed by § 3553(f)(1) by arguing that the sentencing guidelines have become merely "advisory," pursuant to recent Supreme Court decisions such as United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007). According to Defendant, he should not be automatically ineligible for safety valve relief, even though he does have more than one criminal history point as determined under the sentencing guidelines, because the guidelines themselves are just advisory. Defendant suggests that the Court can, and should, depart from the guidelines, and decree that he actually has only one criminal history point. If such a departure were legally permissible, then Defendant presumably could satisfy the condition prescribed by § 3553(f)(1), and he could thus become eligible for a reduced sentence under the safety valve statute.

However, the Eighth Circuit Court of Appeals has explicitly and repeatedly rejected the safety valve argument that Defendant is advancing here. In United States v. Barrera, 562 F.3d 899 (8th Cir. 2009), the Court plainly stated that a district court judge cannot reduce a defendant's criminal history score under the guidelines "simply to make him eligible for safety-valve relief." Id. at 903.

---

defendant has complied with this requirement."

Defendant contends that Barrera is flawed and unreliable, because the Eighth Circuit ignored the teachings of Booker and Kimbrough, and failed to recognize that the Supreme Court has declared the guidelines to be merely advisory for all purposes. ("Movant's Response to the Government," [Doc. No. 644], p. 8.) However, Barrera is not an aberrational decision. In United States v. Scott, 662 F.3d 492 (8th Cir.), cert. denied, 132 S. Ct. 364 (2011), the Court carefully explained why Barrera was not at odds with Booker and Kimbrough. The Eighth Circuit expressly reiterated that

> "Section 3553(f)(1) is a statutory directive that states a condition of eligibility for safety-valve relief: a defendant may 'not have more than 1 criminal history point, as determined under the sentencing guidelines.' Cross-referencing to the Guidelines does not render advisory the manner in which criminal history points are determined, nor does it allow the district court to grant safety-valve relief when application of the Guidelines, consistent with § 3553(f), would preclude it."

Scott, 662 F.3d at 496 (emphasis added).

Thus, the Eighth Circuit has made it very clear that while the guidelines themselves may be "advisory," § 3553(f)(1) is not. Because Defendant has more than one criminal history point, he is strictly ineligible for relief under the safety valve statute. The Eighth Circuit has said that sentencing courts cannot depart from the guidelines in order to give a defendant a safety valve benefit. Defendant can disagree with the Eighth Circuit, but this Court cannot. Based on Barrera and Scott, this Court must conclude that Defendant's criminal history points under the guidelines cannot be reduced to make him eligible for relief under the safety valve statute.

## CONCLUSION

For the reasons discussed above, the Court finds that none of Defendant's legal challenges to his sentence is sustainable. The claims presented as Grounds Two, Three and Four in Defendant's § 2255 motion are without merit. If Defendant's attorney had presented any of those claims during

11

the course of Defendant's sentencing (or on appeal), those claims would have been rejected. It follows that Defendant's ineffective assistance of counsel claim, (Ground One of the current motion), must also be rejected. In sum, all of Defendant's present claims for relief are without merit, and his § 2255 motion will therefore be denied with prejudice.

### CERTIFICATE OF APPEALABILITY

The Court anticipates that Defendant may seek appellate review of this ruling on his § 2255 motion. However, a federal prisoner may not appeal a final order in a proceeding under § 2255, without first securing a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a Certificate of Appealability unless the prisoner "has made a <u>substantial showing</u> of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); <u>see also</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

A Certificate of Appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. <u>See</u> <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise warrant further review. <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 946 (1994) (citing <u>Lozado v. Deeds</u>, 498 U.S. 430, 432, (1991) (<u>per</u> <u>curiam</u>)); <u>see also</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, 525 U.S. 834 (1998).

The Court finds that the resolution of Defendant's current § 2255 claims is not "debatable among reasonable jurists." <u>Flieger</u>, 16 F.3d at 882-83. Nor do Defendant's claims present any

important questions of law that warrant appellate review. Therefore, Defendant is not entitled to a Certificate of Appealability in this matter.

## ORDER

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED THAT:**

(1) Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 640) is **DENIED WITH PREJUDICE**; and

(2) Defendant will not be granted a Certificate of Appealability if he attempts to appeal this Order to the Eighth Circuit Court of Appeals.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 15, 2013

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge